495 P.2d 516

**The STATE of Arizona, Appellant,**

v.

**Ricardo RUIZ, Appellee.**

**No. 2 CA–CR 271.**

Court of Appeals of Arizona, Division 2.

April 6, 1972.

Rehearing Denied May 5, 1972.

Review Granted June 27, 1972.

------

E. Leigh Larson, Santa Cruz County Atty. by Sarah A. Bailey, Deputy County Atty., Nogales, for appellant.

Octavio M. Marquez, Tucson, for appellee.

KRUCKER, Chief Judge.

This is an appeal from an order by the Superior Court of Santa Cruz County ·granting a motion to suppress evidence. The appellee was stopped by Nogales police officers while driving a Chevrolet stationwagon on a public street in Nogales, Arizona. The officers asked him whether ·or not he would agree to accompany them to the scene of a recent burglary. He .agreed, drove his automobile to the front of the Nogales City Police Station and ac·companied the police to the scene of the burglary, the "Stereo Center." After some preliminary investigation, appellee was arrested at the scene on a charge of burglary and taken to the City Jail. Prior to driving appellee's car to a private garage for storage, the police officers commenced to take an inventory of the items contained in it. While inventorying the items in the back seat of the car they found some debris on the seat of the car which they suspected of being marijuana. They then conducted a search of the automobile and found a plastic bag containing marijuana under the front seat on the driver's side. They also found some suspicious white powder and pills in the glove compartment ·of the car which subsequently turned out to be harmless. The testimony below is ·clear that the police officers did not believe that the Chevrolet stationwagon was involved in the burglary.

Although the motion to suppress was directed at all items obtained as a result of the search of the automobile, it is clear that the only item at issue was the marijuana in the plastic bag and we confine our decision to that item.

The State rests its contention of validity on the theory that the illicit plastic bag of marijuana was found not as a result of a search, but as a result of an inventory and therefore valid under the theory set forth in Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968). In Boulet v. State of Arizona, 16 Ariz.App. 64, 495 P.2d 504, released the same date as this opinion, we invalidated the so-called "inventory search" except as to those items falling in plain view of an officer taking the inventory. There is no doubt that the scattered leaves of marijuana found on the back seat of the automobile were within the plain view of the officers and subject to their seizure under Harris v. United States, supra. The Harris case, however, is limited in its holding. The Court explicitly stated that the admissibility into evidence of objects found as a result of a search under the police regulation [an inventory to remove valuables prior to impoundment] was not presented by that case. The Court in Harris held: ·

> "Once the door had lawfully been opened, the registration card, with the name of the robbery victim on it, was plainly visible. It has long been settled that objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced into evidence. [Citations omitted]" 390 U.S. at 236, 88 S.Ct. at 993.

There is no doubt that the finding of marijuana on the back seat of appellee's automobile constituted probable cause for the issuance of a search warrant. The question which we are confronted with in this case is whether or not that probable cause would support the search of the automobile without the necessity of obtaining a warrant.

In Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971),

the United States Supreme Court discusses and clarifies the "automobile exception" to the requirement of a warrant under the Fourth Amendment to the United States Constitution. If it had not already been made clear, in *Coolidge* the Court sets forth a two-pronged test for a warrant requirement in automobile searches absent a search incident to an arrest. There is no question that in the case at hand the search was not incident to an arrest. Therefore, we turn our attention to the two-pronged test—probable cause and exigent circumstances.

In explaining the doctrine enunciated in Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), the Court in *Coolidge* said:

"The underlying rationale of *Carroll* and all of the cases which have followed it is that there is 'a necessary difference between a search of a store, dwelling house, or other structure in respect of which a proper official warrant readily may be obtained and a search of a ship, motor boat, wagon, or automobile for contraband goods, where *it is not practicable to secure a warrant,* because the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought.' [Citations omitted] (Emphasis supplied)

"As we said in *Chambers* (Chambers v. Maroney), supra, 399 U.S. 42, at 51, 90 S.Ct. 1975, at 1981, 26 L.Ed.2d 419, at 428, 'exigent circumstances' justify the warrantless search of 'an automobile *stopped on the highway,*' where there is probable cause, because the car is 'moveable, the occupants are alerted, and the car's contents may never be found again if a warrant must be obtained.' '[T]he opportunity to search is fleeting. * * *'" (Emphasis supplied) 403 U. S. at 459, 91 S.Ct. at 2034, 29 L.Ed.2d at 579.

■ We further do not believe that the "plain view" doctrine applies to the marijuana in this case which was found under the seat. The doctrine applies when a police officer has a prior justification for an intrusion in the course of which he inadvertently comes across an item incriminating the accused. As is stated in Coolidge v. New Hampshire, supra, "The doctrine serves to supplement the prior justification—whether it be a warrant for another object, hot pursuit, search incident to lawful arrest, or some other legitimate reason for being present unconnected with a search directed against the accused—and permits the warrantless seizure." 403 U.S. at 466, 91 S.Ct. at 2038, 29 L.Ed.2d at 583.

■ *Coolidge* further makes it clear that plain view, alone, is never enough to justify a warrantless search. Incontrovertible testimony of the senses that an incriminating object is on the premises belonging to a suspect may establish the fullest possible measure of probable cause. But even where the object is contraband the United States Supreme Court has repeatedly stated and enforced the basic rule that the police may not enter and make a warrantless seizure. Coolidge v. New Hampshire, supra.

■ In the case at hand the discovery of the marijuana debris constituted probable cause for the issuance of a warrant. However, the second element was missing in that there were no exigent circumstances dispensing with the requirements of a warrant. The appellee was in jail, the automobile was completely immobilized in front of the police station and the police officers should have secured a warrant after they had discovered the marijuana on the seat if they desired to conduct a general search. In fact, this was the procedure which was done, although belatedly, in Boulet v. State of Arizona, supra.

The lower court did not err in suppressing the plastic bag of marijuana.

Affirmed.

HOWARD, J., and LAWRENCE GALLIGAN, Superior Court Judge, concur.

Note: Judge JAMES D. HATHAWAY having requested that he be relieved from

consideration of this matter, Superior Court Judge LAWRENCE GALLIGAN was called to sit in his stead and participate in the determination of this decision.