500 P.2d 641

**The STATE of Arizona, Appellant,**

**v.**

**Kenneth Elwood GOWANS, Appellee.**

**No. 2 CA–CR 288.**

Court of Appeals of Arizona, Division 2.

Sept. 8, 1972.

Review Granted Jan. 2, 1973.

---

3. Appellant made no contention that the conditions were unlawful or impossible to perform.

Gary K. Nelson, Atty. Gen., Phoenix, Rose Silver, Pima County Atty. by Thomas A. Letnes II, Deputy County Atty., Tucson, for appellant.

Edward P. Bolding, Pima County Public Defender by Darwin J. Nelson, Deputy Public Defender, Tucson, for appellee.

KRUCKER, Chief Judge.

This is an appeal by the State from an order granting a motion to suppress evidence. The defendant, Kenneth E. Gowans, had been charged with possession of marijuana. The sole question to be decided is whether the order of the court suppressing the evidence obtained in a routine inventory of the defendant's automobile was erroneous and if the seizure of the evidence (marijuana) was a result of an illegal search in violation of the Fourth Amendment of the United States Constitution.

Careful scrutiny of the record reveals the following facts. Gowans was stopped on an open highway by an Arizona Highway patrolman because of erratic driving. The officer, believing he was under the influence of intoxicating liquor, immediately arrested defendant for driving under the influence of alcohol and placed him in his patrol car. Because Gowans' car had to be removed from the highway, the officer called for assistance. A routine inventory of the defendant's automobile, including opening and looking in the trunk, was made. The officers noted two garbage disposal-type bags in the trunk which were in plain view. These bags contained a substance not familiar to the arresting officers but another officer who came to the scene identified the contents of the bags as marijuana. The contents were visible without the bags having to be opened or moved in any way.

Under these circumstances, was there an illegal search? It is an almost universal custom to inventory the contents of a motor vehicle when the owner is arrested or in a position where he cannot keep control of the vehicle and it is being removed for storage. This practice serves a two-fold purpose: (1) to protect the owner against loss of articles left in the vehicle and (2) to protect the law enforcement officers and/or the storage facility from assertion of false claims for missing articles.

We have recently dealt extensively with this problem in Boulet v. Arizona, 17 Ariz.App. 64, 495 P.2d 504 (1972); and State v. Ruiz, 17 Ariz.App. 76, 495 P.2d 516 (1972).[1] We believe the principles enunciated in these two cases and the cita-

[1] The Arizona Supreme Court has accepted review of these two cases.

tions contained therein are dispositive of this appeal.

■ The difficulty arising in many of these cases suggests that a distinction must be made between an inventory of items in open view and a search, and whether the search is a reasonable one. In *Boulet* we held that in the course of making an "inventory" of the visible objects in the car, the officer went too far in looking into the contents of the items inventoried in discovering contraband. In *Ruiz* we merely held that where the locked automobile was parked in front of the police station, the defendant incarcerated, and scattered bits of a substance resembling marijuana were visible, a warrant should have been obtained before the police were justified in "searching" under the seat of the car and finding marijuana. In the case at bench, the contraband marijuana was in plain view and it was not necessary for the officer to look into or go behind items in plain view. We do not believe that merely looking in the trunk constituted an illegal search.

We think that Justice Burke, concurring in Mozzetti v. Superior Court, 4 Cal.3d 699, 94 Cal.Rptr. 412, 484 P.2d 84 (1971), best summarizes our understanding of the law:

"I concur with the result reached by the majority herein, for I agree that the opening of petitioner's suitcase and inspection of its contents constituted an unreasonable search, violating his reasonable expectation of privacy. [Citations omitted] I would emphasize, however, that our decision in no way interferes with or impinges upon the customary authority of the police to inspect and inventory all items of personal property left in plain sight within an automobile or other vehicle in police custody.

As pointed out in numerous Court of Appeal cases cited by the majority, the routine practice of making such inventory inspections is reasonably necessary to safeguard the owner's property from loss or damage, and to protect the police and storage bailee from unfounded claims. Although, as the majority point out, the foregoing considerations do not furnish the police an excuse for rummaging through closed suitcases or sealed packages, the police do have the authority, and indeed the responsibility, to inspect and inventory all items of personal property in plain sight within the vehicle and, if necessary, to lock these items in the trunk or transfer them to some other secure place for safekeeping. If, in the course of such activity, the police observe contraband or other incriminatory evidence they may seize it, for it is well established that 'objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence. [Citations.]' [Citations omitted] the 'plain sight' rule recognizes that no citizen has a reasonable expectation of privacy with respect to unconcealed items within a vehicle in police custody. [Citations omitted]" 94 Cal.Rptr. at 420, 484 P.2d at 92.

In line with this reasoning, we hold that the discovery of the marijuana—the evidence in this case—was not the result of an illegal search and the order suppressing the evidence should be reversed.

Reversed.

HATHAWAY and HOWARD, JJ., concur.