504 P.2d 520

STATE of Arizona, Appellee,

v.

Carroll Eugene BERTRAM, Appellant.

No. 1 CA–CR 422.

Court of Appeals of Arizona, Division 1, Department B.

Dec. 26, 1972.

**580**

Gary K. Nelson, Atty. Gen. by William P. Dixon and Ronald L. Crismon, Asst. Attys. Gen., Phoenix, for appellee.

George M. Ireland, Prescott, for appellant.

EUBANK, Judge.

The sole question for our determination on appeal is whether the trial court erred in denying defendant's motion to suppress the evidence obtained as a result of a warrantless search of the defendant's automobile.

On May 12, 1970, the defendant was arrested for several crimes, including the possession of marijuana in violation of A.R.S. § 36–1002.05. Preliminary hearing was held before the justice of the peace and the defendant was held to answer the possession of marijuana charge only. On October 16, 1970, appellant moved to suppress evidence relating to the possession charge. The trial court denied the motion and the issue of guilt or innocence was submitted to the court, sitting without a jury, on the basis of the transcripts of the preliminary hearing and motion to suppress. The court found defendant guilty of the crime of possession of marijuana and sentenced him to pay a fine in the amount of $250.00.

The facts are as follows: During the evening hours of May 12, 1970, the defendant and a companion arrived at a steak house in Black Canyon City, Arizona, after having spent the afternoon target shooting in the locality. On entering the restaurant, the defendant "checked" at least one rifle with the manager. This weapon remained in the manager's possession until the defendant's arrest later that night. The parties stayed at the steak house for several hours, drinking and talking with the manager. Sometime later defendant left the premises for a short time. During his absence the manager heard shots fired in the area and immediately notified the sheriff's office. In response to a police radio message describing the alleged shooting, several law enforcement officers from different agencies arrived on the scene. In the interim the defendant had returned to the restaurant. Both he and his companion were subsequently arrested while still inside the steak house for being "drunk and disorderly" in public, in violation of A.R.S. § 13–379, as amended in 1959. Following their arrest, the officers determined that the defendant's vehicle, an open convertible automobile, which was parked immediately outside the steak house, should be inventoried and impounded. The automobile was parked on private property and was not in the immediate proximity of the defendant. The keys were obtained from defendant's person by one of the officers and the locked trunk was opened. Among the items discovered in the trunk was an attache case, which the officers opened. Inside the attache case the officers found a paper sack which they opened; inside the sack they found a small closed tin box which they opened and found a quantity of marijuana. This marijuana is the subject of the defendant's motion to suppress which was denied by the trial court.

The State seeks to justify the search of the trunk, the attache case, the closed tin box, and the seizure of the marijuana as

incident to a lawful arrest or within the scope of a lawful inventory preparatory to storing the vehicle. Defendant contends, however, that the initial arrest for drunk and disorderly conduct was not lawful in that it was for a misdemeanor committed wholly outside the presence of the arresting officer. He further maintains that the inventory was invalid because the vehicle was in a private parking lot, not on a public highway, at the time of the search, and was in no way connected with the offense for which the defendant was initially arrested.

Absent either a knowing and intelligent consent to the search, which is not urged by the State here, or the discovery of incriminating evidence within the "plain view" of an officer legally entitled to be where he is, there may be circumstances under which warrantless searches, which would otherwise be unreasonable under the Constitutions of the United States and the State of Arizona, may be justified. Such warrantless searches may be justified where exigent circumstances exist; where the search is incident to a lawful arrest; or perhaps where a valid "inventory" search is conducted.

■ Under the "exigent" circumstances, an automobile may be searched when there is probable cause to believe that the car contains articles which the police officers are entitled to seize, providing the automobile is readily movable and the occupants have been alerted by the presence of the officers. *See* Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); State v. Lawson, 107 Ariz. 603, 491 P.2d 457 (1971); State v. Gerry, 15 Ariz.App. 441, 489 P.2d 288 (1971).

The record before us on appeal clearly shows that neither exigent circumstances nor probable cause to believe that the automobile contained contraband were present so as to justify the search conducted here.

The officers testified that they had no reason to believe, nor did they believe, that the automobile contained contraband. The vehicle was immobilized, the occupants were in custody, and the officers had possession of the keys. Obviously the automobile was not going anywhere.

■ Under the "search incident to arrest" circumstance which is delineated in Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), a search of the immediate area of the arrest, is permitted to protect the police officer from harm and to prevent destruction of evidence on or near the arrestee's person. If the arrest is made in an automobile, however, the scope of the permissible search is broader than that of an immobile structure such as a house. *See* Chambers v. Maroney, supra; Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964); State v. Kelley, 107 Ariz. 8, 480 P.2d 658 (1971).

■ Assuming that appellant's arrest inside the steak house for "drunk and disorderly" was valid, and that there could be fruits and implements of that particular crime, it is apparent that the search of the contents of the attache case locked in the trunk of the vehicle parked outside of the steak house is beyond the scope of a permissible search incident thereto under Chimel, supra. This is made clear by the U. S. Supreme Court in a case factually similar to the one at bar: Coolidge v. New Hampshire, supra. Coolidge was arrested inside his house, and removed to the police station while his automobile, containing the incriminating evidence, was parked outside in the driveway. Later the police returned to the house and then seized the automobile. It was taken to the police station where it was searched two days later. No search warrant was obtained for the search. The court after citing a number of pre-Chimel decisions said:

". . . These cases make it clear beyond any question that a lawful pre-*Chimel* arrest of a suspect outside his house could never by itself justify a

warrantless search inside the house. There is nothing in search-incident doctrine (as opposed to the special rules for automobiles and evidence in 'plain view,' to be considered below) that suggests a different result where the arrest is made inside the house and the search outside and at some distance away. . . ." (403 U.S. 456–457, 91 S.Ct. 2033).

If this was the law before Chimel, it is clear that such a warrantless search is not authorized thereafter. See also Chambers v. Maroney, supra; State v. Wren, 108 Ariz. 356, 498 P.2d 444 (1972); State v. Tosatto, 107 Ariz. 231, 485 P.2d 556 (1971); State v. Kelley, supra; State v. Mahoney, 106 Ariz. 297, 475 P.2d 479 (1970).

The State contends that the seizure of the marijuana and its admissibility into evidence can be justified as part of a valid inventory of the contents of the vehicle preliminary to having it towed away for safekeeping during the defendant's incarceration.

Division 2 of this Court has recently released three opinions involving inventory searches: Boulet v. State, 17 Ariz.App. 64, 495 P.2d 504 (1972); State v. Ruiz, 17 Ariz.App. 76, 495 P.2d 516 (1972); State v. Gowans, 18 Ariz.App. 110, 500 P.2d 641 (1972). Boulet and Ruiz are presently on review in the Arizona Supreme Court and a more definitive statement in this area of the law can be expected. The propriety of an inventory search of an automobile was before the Arizona Supreme Court in State v. Lawson, supra, but the court found it unnecessary to rule on the question. Consequently, the final word on the inventory search has not yet been spoken in Arizona.

In our view Mozzetti v. Superior Court, 4 Cal.3d 699, 94 Cal.Rptr. 412, 484 P.2d 84 (1971), relied on by Division 2 to invalidate the inventory in Boulet and Ruiz, goes too far. The criticism of these three cases by the Oregon Court of Appeals in State v. Keller (Or.App.), 497 P.2d 868 (1972) is, we believe, warranted. The court said:

"After reconsideration in the light of the California and Arizona decisions, we continue to agree with the reasoning of the Montague case. [State v. Montague, 73 Wash.2d 381, 438 P.2d 571 (1968).] In this type of case, the defendant's actions which bring on his arrest are the moving force which causes the inadvertent discovery of the contraband. Where the vehicle is to be placed in the possession of tow truckers and possibly others whom the police cannot constantly watch, it is unreasonable to hold that the rights of the defendant against invasion of privacy rise higher than those of the police to protect themselves from possible personal liability because they perform their duty. Generally, under such circumstances, an inventory search is reasonable. The circumstances of a particular case may be such that an exception should be made to the general rule.

"[2–4] In this connection, we call attention to the condition of our former decision; that the search may not be a general exploratory search for the purpose of finding evidence of crime but must be made for the justifiable purpose of finding, listing and securing from loss, during the arrested person's detention, property belonging to him. . . ." (497 P.2d at 870–871).

■ However, in our opinion the case at bar is not an inventory case. In the instant case the defendant's automobile was located on private property and was not located on the public rights-of-way as was a fact in the foregoing inventory cases. Additionally, the defendant was not in the proximity of the car. Under these circumstances, absent a request by the defendant to secure his personal property, the officers were not justified in conducting an inventory of the vehicle in the first place. In our opinion Coolidge v. New Hampshire, supra, governs the case at bar. The United States Supreme Court might have

been talking about the instant case when they said in Coolidge:

". . . [I]t seems abundantly clear that there is a significant constitutional difference between stopping, seizing, and searching a car on the open highway, and entering private property to seize and search an unoccupied, parked vehicle not then being used for any illegal purpose." (403 U.S. at 463, n. 20, 91 S.Ct. at 2036, n. 20, 29 L.Ed.2d at 581, n. 20.)

For the foregoing reasons, in our opinion the trial court should have granted the defendant's motion to suppress the evidence as the search was unreasonable under the surrounding circumstances. See State v. Hutton, 108 Ariz. 504, 502 P.2d 1323 (1972).

Judgment of guilt and sentence is reversed.

HAIRE, C. J., Division 1, and JACOBSON, J., concur.