511 P.2d 172

**The STATE of Arizona, Appellant,**

v.

**Ricardo RUIZ, Appellee.**

**No. 2520–PR.**

Supreme Court of Arizona,
In Banc.
June 25, 1973.

E. Leigh Larson, Santa Cruz County Atty., by Sarah A. Bailey, Former Deputy County Atty., Nogales, for appellant.

Octavio M. Marquez, Tucson, for appellee.

CAMERON, Vice Chief Justice.

This is an appeal by the State from an order of the Superior Court of Santa Cruz County granting the motion of the defendant Ruiz to suppress evidence discovered during an inventory of his automobile. The Court of Appeals, Division Two, affirmed, 17 Ariz.App. 76, 495 P.2d 516 (1972), and we granted the State's petition for review.

The sole issue before this court is whether the inventory of the defendant's vehicle was reasonable and lawful under the circumstances.

The facts necessary for a determination of this matter on appeal are set out in the opinion of the Court of Appeals as follows: "* * * The appellee was stopped by Nogales police officers while driving a Chevrolet stationwagon on a public street in Nogales, Arizona. The officers asked him whether or not he would agree to accompany them to the scene of a recent burglary. He agreed, drove his automobile to the front of the Nogales City Police Station and accompanied the police to the scene of the burglary, the 'Stereo Center.' After some preliminary investigation, appellee was arrested at the scene on a charge of burglary and taken to the City Jail. Prior to driving appellee's car to a private garage for storage, the police officers commenced to take an inventory of the items contained in it. While inventorying the items in the back seat of the car they found some debris on the seat of the car which they suspected of being marijuana. They then conducted a search of the automobile and found a plastic bag containing marijuana under the front seat on the driver's side. They also found some suspicious white powder and pills in the glove compartment of the car which subsequently turned out to be harmless. The

testimony below is clear that the police officers did not believe that the Chevrolet stationwagon was involved in the burglary."

We have held this day in the case of Boulet v. State, 109 Ariz. 433, 511 P.2d 168, that once law enforcement officials take possession and control of an automobile it is lawful to inventory the contents of the automobile and use what is found as the basis for criminal prosecution.

In the instant case the police were taking the automobile to a private garage for storage and an inventory of the contents of the automobile was indicated. Having that right, as we stated in Boulet v. State, supra, they are not unnecessarily restricted in the search that they make.

The decision of the Court of Appeals is vacated and the order of the Superior Court of Santa Cruz County granting the defense motion to suppress the evidence is set aside.

Reversed and remanded.

HAYS, C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.