514 P.2d 442

**The STATE of Arizona, Appellant,**

v.

**Kenneth Elwood GOWANS, Appellee.**

No. 2604-PR.

Supreme Court of Arizona,
In Banc.

Oct. 1, 1973.

Gary K. Nelson, Atty. Gen., Phoenix, Rose S. Silver, Former Pima County Atty., Dennis W. DeConcini, Pima County Atty., by Thomas A. Letnes II, Deputy County Atty., Tucson, for appellant.

Ed P. Bolding, Pima County Public Defender, by Darwin J. Nelson, Deputy Public Defender, Tucson, for appellee.

CAMERON, Vice Chief Justice.

This is an appeal by the State from an order of the Superior Court of Pima County granting defendant Gowans' motion to suppress evidence discovered in the trunk of his car during an inventory search of his automobile. The Court of Appeals, Division Two, reversed, 18 Ariz. App. 110, 500 P.2d 641 (1972), and we granted Gowans' petition for review because of the Court of Appeals' reliance upon the "plain view" doctrine followed by the California Supreme Court in Mozzetti v. Superior Court, 4 Cal.3d 699, 94 Cal. Rptr. 412, 484 P.2d 84 (1971).

The sole issue before this court is whether the inventory of defendant's vehicle was reasonable and lawful under the circumstances.

The facts necessary for a determination of this matter on appeal are set out in the opinion of the Court of Appeals as follows: " * * * Gowans was stopped on an open highway by an Arizona Highway patrolman because of erratic driving. The officer, believing he was under the influence of intoxicating liquor, immediately arrested defendant for driving under the influence of alcohol and placed him in his patrol car. Because Gowans' car had to be removed from the highway, the officer called for assistance. A routine inventory of the defendant's automobile, including opening and looking in the trunk, was made. The officers noted two garbage disposal-type bags in the trunk which were in plain view. These bags contained a substance not familiar to the arresting officers but another officer who came to the scene identified the contents of the bags as marijuana. The contents were visible without the bags having to be opened or moved in any way "

**522**

At the time the petition for review of the decision and opinion of the Court of Appeals was filed in this case, we had under advisement Boulet v. State, 109 Ariz. 433, 511 P.2d 168 (1973) and State v. Ruiz, 109 Ariz. 437, 511 P.2d 172 (1973). In those cases we held that the right to inventory the contents of the vehicle was not necessarily restricted to items in "plain view."

Also, since the opinion by the Court of Appeals, the United States Supreme Court in Cady v. Dombrowski, —— U.S. ——, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973), reached a similar conclusion. In Dombrowski, supra, the police had exercised a form of custody or control over the vehicle which had been disabled as a result of an accident and constituted a nuisance along the highway. The occupant was intoxicated and could not make arrangements to have the vehicle towed and stored. The police searched the car for a revolver believed to be in the car. This was standard procedure in that police department to protect the public from the possibility that a revolver would fall into untrained and malicious hands. The court held:

> "Where, as here, the *trunk* of an automobile, which the officer reasonably believed to contain a gun, was vulnerable to intrusion by vandals, we hold that the search was not 'unreasonable' within the meaning of the Fourth and Fourteenth Amendments." —— U.S. at ——, 93 S.Ct. at 2531. (Emphasis added)

We hold, therefore, that the search in the instant case was reasonable and lawful under the circumstances.

That portion of the opinion of the Court of Appeals, 18 Ariz.App. 110, 500 P.2d 641 (1972), which seemingly bases its decision on the "plain view" doctrine is vacated. The order of the Superior Court of Pima County granting the defense motion to suppress the evidence is set aside.

HAYS, C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.