541 P.2d 572

The STATE of Arizona, Appellant,

v.

Steven Michael **FORTIER**, Appellee.

No. 2 CA–CR 649.

Court of Appeals of Arizona,
Division 2.

Oct. 30, 1975.

Rehearing Denied Dec. 9, 1975.
Review Granted Jan. 13, 1976.

E. Leigh Larson, Santa Cruz County Atty. by Richard N. Groves, Deputy County Atty., Nogales, for appellant.

James F. Haythornewhite, Nogales, for appellee.

OPINION

KRUCKER, Judge.

This is an appeal by the State of Arizona from an order granting a motion to suppress. After reviewing the record and reading the briefs and citations carefully, we affirm.

At about 6:45 a.m. on January 16, 1975, when traffic was very light and there was little to do, the arresting officer decided to make a registration check on an automobile that had just passed him. At trial, when asked what called his attention to the automobile, the officer replied, "Okay, at 6:45 in the morning it is fairly—there is very little traffic out there; not having much to do, I just ran a registration check on a vehicle that had just passed me up." The registration check revealed that the license number was assigned to a Pontiac. Because the officer mistakenly believed the car was an Oldsmobile, however, he stopped it. Aside from the officer's mistaken belief concerning the make of the car, there was nothing that would reasonably have made him suspect that unusual activity related to crime was taking place. After stopping the defendant, the officer discovered that the car was in fact a Pontiac rather than Oldsmobile. He nonetheless asked for the keys and opened the trunk, where he found 79 kilo bricks of marijuana.

We believe the facts in this case are even stronger than those in *State v. Ochoa*, 23 Ariz.App. 510, 534 P.2d 441 (1975). In *Ochoa* the officers stopped certain cars that fit a stolen car profile. We held that forced stops of motor vehicles are only constitutional where there is a rational suspicion that some activity out of the ordinary is taking or has taken place, some in-

dication to connect the person under suspicion with the unusual activity, and some reason to believe that the activity is related to crime.

In the case at bench, there was no reason whatsoever for suspecting the vehicle to be connected with crime, no act on the part of the vehicle's driver that indicated he was violating any law or that he was acting in a suspicious and unusual manner. We believe our reasons for sustaining the ruling of the trial court are even stronger than they were in *State v. Ochoa*, supra.

Division One of this court, in *State v. Ream*, 19 Ariz.App. 131, 505 P.2d 569 (1973), upheld a ruling denying a motion to suppress, but in that case the facts giving rise to suspicion were much stronger. In the instant case, the officer merely decided to make a check, which was an erroneous check, because he had nothing else to do and so admitted on the witness stand.

Affirmed.

JACK· G. MARKS, Superior Court Judge, Pima County, concurs.

NOTE: Judge JAMES D. HATHAWAY having requested that he be relieved from consideration of this matter, Judge JACK G. MARKS was called to sit in his stead and participate in the determination of this decision.

HOWARD, Chief Judge (dissenting).

The motion to suppress in this case was based upon the transcript of the preliminary hearing. The only testimony presented was that of the arresting officer. He was checking traffic on the Tucson-Nogales Highway at 6:45 a.m. when he spotted the automobile that appellee was driving. He made a radio check of the license plates and was informed that the plates belonged to a 1967 Pontiac. The officer observed the auto to be a Bonneville which he mistakenly thought was an Oldsmobile and therefore stopped the car. Appellee had no driver's license in his possession. He was asked to produce the registration and with the officer's help and the use of a tire iron, the glove compartment was opened and the registration produced. It showed that the automobile was a Pontiac belonging to a Donna Frear of Tucson. At this point the officer, suspecting that the car was stolen, asked appellee if he had the keys to the trunk. The purpose of this question was to see if the appellee had a full set of keys. Appellee went to the back of the car and opened the trunk although the officer had only asked if he had a key to the trunk. The officer noticed some big bags covered by a blanket and the odor of marijuana. He discovered 79 kilos of marijuana in the bags.

The threshold question is whether the officer's mistaken belief that the automobile was an Oldsmobile rather than a Pontiac vitiated all subsequent conduct and circumstances. Was there a reasonable suspicion that some type of criminal activity was taking place? From the arresting officer's subjective point of view there was such activity. While the purpose of the exclusionary rule is to deter police misconduct, a subjective ·good faith belief cannot in and of itself justify the conduct of the officer. *Hill v. California*, 401 U.S. 797, 91 S.Ct. 1106, 28 L.Ed.2d 484 (1971). The test is an objective one. Was there a reasonable good faith belief that the automobile was an Oldsmobile and not a Pontiac? I think the testimony of the officer, which is not inherently unbelievable, established a reasonable good faith belief and it was therefore incumbent upon appellee to go forward with the evidence and show such belief to be unreasonable. This appellee failed to do and therefore the stop was justified.

Having lawfully stopped the automobile, I would hold that the lack of a driver's license, the inability to open the glove compartment, and the registration in a name other than appellee's, justified the officer in asking appellee if he had a key to the trunk.

While it would appear that the officer did not ask appellee to open the trunk,

even assuming that the question regarding the key to the trunk could be interpreted as a request to open the trunk, I would hold such a request as based on probable cause to believe the car was stolen and the subsequent seizure of the marijuana lawful.

I would therefore reverse the order granting the motion to suppress.