544 P.2d 1119

**The STATE of Arizona, Appellee,**

**v.**

**John Henry BRADFORD, Jr., Appellant.**

**No. 2 CA–CR 645.**

Court of Appeals of Arizona,
Division 2.

Jan. 26, 1976.

Rehearing Denied March 4, 1976.

Review Denied March 23, 1976.

Bruce E. Babbitt, Atty. Gen., by John S. O'Dowd, Asst. Atty. Gen., Tucson, for appellee.

John M. Neis, Pima County Public Defender, by Henry W. Russell, Asst. Public Defender, Tucson, for appellant.

OPINION

HATHAWAY, Judge.

Appellant was convicted of possession of marijuana in violation of A.R.S. § 36–1002.05 and sentenced three to six years at the Arizona State Prison.

The facts, viewed in the light most favorable to the state are as follows. Appellant was arrested for reckless driving involving a police chase and for leaving the scene of an accident. His vehicle ultimately ran into a shed on private property. Appellant fled on foot but was apprehended by Officer Grijalva.

Following regular police procedure the officer began to inventory the vehicle prior to impoundment since he intended to take appellant into custody. After opening the car door the officer saw a baggie of marijuana in an open ash tray in plain view.

An inventory search was upheld by the Arizona Supreme Court when the vehicle was stopped on the highway. *State v. Gowans*, 109 Ariz. 521, 514 P.2d 442 (1973). There the driver was arrested for driving under the influence of intoxicating liquor and taken into custody. An inventory search was made before the car was removed, and marijuana was found in the trunk. The court found the search proper and the marijuana admissible. Also see *Boulet v. State*, 109 Ariz. 433, 511 P.2d 168 (1973), and *State v. Ruiz*, 109 Ariz. 437, 511 P.2d 172 (1973).

Appellant points out that in the present case his vehicle was on private property rather than on a public street. Therefore he claims that the vehicle was not properly in police custody. We are cognizant of *State v. Bertram*, 18 Ariz.App. 579, 504 P.2d 520, decided by Division One of this court in 1972. The defendant there was arrested for drunk and disorderly conduct inside a steak house. The officers decided that his vehicle parked outside on private property should be inventoried and impounded. They found marijuana inside an attache case in the trunk of the defendant's

car. The court held that the officers could not inventory a vehicle parked on private property. It noted that the propriety of inventory searches had not yet been ruled upon by our Supreme Court. No petition for review was sought. Furthermore, in the instant case, the automobile was abandoned when the appellant fled after attempting to elude a pursuing police car and crashed into a shed on private property. In *Bertram* the vehicle had been deliberately parked in the lot of the business establishment as a customer. In Boulet, supra, and Ruiz, supra, the Supreme Court has since approved inventory searches.

■ We do not find the fact that the vehicle was on private property controlling. Appellant was alone in his vehicle. There was no one to whom the police could release it. They had the authority to remove the vehicle as they were responsible for it once they took appellant into custody.

■ Appellant asserts that the search was improper because it was not conducted in good faith. We find no support for that contention in the record. The only evidence was that the officer began a routine inventory prior to having the vehicle towed.

■ Appellant's final claim is that the sentence is excessive. He was sentenced to three to six years in the state prison. The statutory maximum is 10 years' imprisonment. A sentence should be reduced on appeal only when it is excessive, *State v. Maloney*, 105 Ariz. 348, 464 P.2d 793 (1970), and when the trial court has clearly abused its discretion, *State v. Wasserott*, 110 Ariz. 182, 516 P.2d 318 (1973).

■ In view of appellant's record [1] and the recommendation of the probation officer that he be sentenced to three to six years' imprisonment, we are unable to find that the trial court abused its discretion.

Affirmed.

HOWARD, C. J., and KRUCKER, J., concurring.

1. He had previously been convicted of burglary and grand theft. His probation was revoked because of another burglary and grand theft arrest.