553 P.2d 1206
**STATE of Arizona, Appellant,**

v.

**Steven Michael FORTIER, Appellee.**

**No. 3378–PR.**

Supreme Court of Arizona,
In Banc.

Aug. 6, 1976.

Bruce E. Babbitt, Atty. Gen., Phoenix, E. Leigh Larson, Santa Cruz County Atty., Richard N. Groves, Deputy County Atty., Nogales, for appellant.

James F. Haythornewhite, Nogales, for appellee.

GORDON, Justice:

Petitioner, the State of Arizona, seeks relief in this Court from an order of the trial court granting the defendant's motion to suppress certain physical evidence on the ground that it was the product of an unconstitutional investigatory stop. The Court of Appeals, 25 Ariz.App. 109, 541 P.2d 572 (1975), affirmed. We granted review. The opinion of the Court of Appeals is vacated. The judgment of the trial court is reversed and the case is remanded for trial.

 "A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time." *Adams v. Williams,* 407 U.S. 143, 92 S.Ct. 1921, 32 L. Ed.2d 612 (1972). The state is not required to demonstrate that probable cause to arrest a suspect existed at the inception of the detention. *State v. Gunter,* 100 Ariz. 356, 414 P.2d 734 (1966). The Fourth Amendment, however, clearly applied to such encounters and this court will look to the totality of circumstances surrounding the incident to determine whether the police conduct was reasonable. *Davis v. Mississippi,* 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969); *State v. Gastelo,* 111 Ariz. 459, 532 P.2d 521 (1975). We agree with that portion of *Irwin v. Superior Court of Los Angeles County,* 1 Cal.3d 423, 82 Cal.Rptr. 484, 462 P.2d 12 (1969), which states:

"[A]lthough 'a police officer * * * may detain and question a person when the circumstances are such as would indicate to a reasonable man in a like position that such a course is necessary to

the proper discharge of [his] duties,' the circumstances must be such as to distinguish the activity of the detained person from that of any other citizen and must be based on an objective perception of events rather than the subjective feelings of the detaining officer. * * *

" '[T]he police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion. * * * '

"Thus, a detention based on 'mere hunch' is unlawful * * *, even though the officer may have acted in good faith * * *. There must be a 'rational suspicion by the peace officer that some activity out of the ordinary is or has taken place * * * some indication to connect the person under suspicion with the unusual activity. * * * [and] some suggestion that the activity is related to crime.' " *Irwin v. Superior Court of Los Angeles County*, 1 Cal.3d at 426–27, 82 Cal.Rptr. at 484, 462 P.2d at 14 (1969). See *People v. Harris*, 15 Cal.3d 384, 124 Cal.Rptr. 536, 540 P.2d 632 (1975); *People v. Flores*, 12 Cal.3d 85, 115 Cal.Rptr. 225, 524 P.2d 353 (1974).

This requirement of a founded suspicion to justify a stop recognizes both the necessity of effective law enforcement and the need for a buffer between the citizen and the officer engaged in the often competitive enterprise of ferreting out crime. *State v. Ochoa*, 112 Ariz. 582, 544 P.2d 1097 (1976).

The motion to suppress in this case was based upon the transcript of the preliminary hearing. The only testimony presented was that of the arresting officer. He was checking traffic on the Tucson-Nogales Highway at approximately 6:45 a. m. on January 16, 1975 when he spotted the automobile that Fortier was driving. Because traffic was light and "not having much to do," he ran a radio check of the license plates and was informed that they

belonged to a 1967 Pontiac. The officer noted the vehicle was a Bonneville which he mistakenly thought was manufactured by Oldsmobile rather than Pontiac and therefore stopped the car. Appellee had no driver's license in his possession. He was asked to produce the registration and with the officer's help and the use of a tire iron, the glove compartment was opened and the registration produced. It showed that the automobile was a Pontiac belonging to a Tucson woman. At this point the officer, suspecting that the car was stolen, asked appellee if he had the keys to the trunk. The purpose of this question was to see if the appellee had a full set of keys. Appellee on his own initiative went to the back of the car and opened the trunk. The officer noticed several large bags covered by a blanket and the odor of marijuana. Further inspection revealed that the bags contained 79 kilos of marijuana.

When Fortier was stopped while driving on a public highway he was "seized" within the meaning of the Fourth Amendment. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *State v. Ochoa*, supra. The initial question facing the trial court when analyzing the constitutionality of the stop was whether it was "rational" for the patrolman to think that a Bonneville was manufactured by Oldsmobile rather than Pontiac. Obviously not all mistakes of fact are irrational. Thus the trial court inaccurately concluded in its "Order Suppressing Evidence" that "the search in the instant case was illegal in that the officer stopped the automobile on a mistaken reason." On the other hand, the subjective good-faith belief of an officer cannot in itself justify either the seizure or the subsequent search. Sufficient probability, not certainty, is the touchstone of reasonableness under the Fourth Amendment and if an officer's mistake is understandable and the arrest or seizure was a reasonable response to the situation facing him at the time, the Constitution may not have been violated. *Hill*

*v. California,* 401 U.S. 797, 91 S.Ct. 1106, 28 L.Ed.2d 484 (1971).[1]

The understandable nature of the officer's mistake in this case and the reasonableness of his response was a question of fact for the trial court. Its ruling will not be disturbed on appeal absent clear and manifest error. See *State v. Boyer,* 106 Ariz. 32, 470 P.2d 439 (1970); *State v. Vandeveer,* 23 Ariz.App. 331, 533 P.2d 91 (1975). The trial court could have concluded that it was unreasonable for an officer who had two and one-half years experience with the Department of Public Safety to conclude that a Bonneville was manufactured by Oldsmobile. We find no abuse of discretion.

The pivotal question thus becomes whether the trial court properly suppressed the contraband as a fruit of the illegal stop. The "fruit of the poisonous tree" doctrine, explained at length in *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), serves to exclude as evidence not only the direct products but also the indirect products of Fourth Amendment violations. Evidence is not classified as a fruit requiring exclusion, however, merely because it would not have been discovered "but for" the primary invasion:

> "Rather, the more apt question in such a case is 'whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.'" *Wong Sun v. United States,* 371 U.S. at 488, 83 S.Ct. at 417, 9 L.Ed. 2d at 455.

When it has been established that there was an illegal seizure, the State "has the ultimate burden of persuasion to show that its evidence is untainted, * * * [b]ut at the same time [the defendant] * * * must go forward with specific evidence demonstrating taint." *Alderman v. United States,* 394 U.S. 165, 89 S.Ct. 961, 22 L. Ed.2d 176 (1969).

We find that the contraband in this case should not have been suppressed as a fruit of the improper highway stop:

> "That degree of 'attenuation' which suffices to remove the taint from evidence obtained directly as a result of unlawful police conduct requires at least an intervening independent act by the defendant or a third party which breaks the causal chain linking the illegality and evidence in such a way that the evidence is not in fact obtained 'by exploitation of that illegality.' Consent by the defendant, if 'sufficiently on act of free will to purge the primary taint of the unlawful [arrest]' (*Wong Sun v. United States,* supra, 371 U.S. at 486, 83 S.Ct. 416), may produce the requisite degree of 'attenuation.'" *People v. Seeslin,* 68 Cal.2d 418, at 428, 67 Cal.Rptr. 409, at 416, 439 P.2d 321, at 328 (1968), cert. denied 393 U.S. 1080, 89 S.Ct. 850, 21 L.Ed.2d 772 (1969). See *United States v. Fike,* 449 F.2d 191 (5th Cir. 1971).

The issue of whether consent to a search was in fact voluntary or was the product of duress or coercion, express or implied is a question of fact to be determined from the totality of all the circumstances. *Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); *United States v. Fike,* supra; *State v. Jensen,* 111 Ariz. 408, 531 P.2d 531 (1975).

The record in this case indicates that Fortier voluntarily opened the trunk of the car he was driving without a request to do so by the officer. Fortier

---

1. In that case the Supreme Court held that an arrest and seizure at the defendant Hill's apartment were valid under the Fourth Amendment, where the police had probable cause to arrest Hill and reasonably although mistakenly believed the arrestee was Hill.

The Court stated the police were entitled to do what the law allowed them to do had the arrestee in fact been Hill, to search incident to arrest and to seize evidence of the crime they had probable cause to believe Hill committed.

made no effort to show that his actions were the result of physical or psychological coercion or anything other than an intervening act of free will on his part. It is clear, therefore, that the trial court erred in suppressing the contraband as the defendant's consent establishes that the evidence was not seized through exploitation of the illegal stop, but "instead by means sufficiently distinguishable to be purged of the primary taint." *Wong Sun v. United States,* supra.

Opinion of the Court of Appeals vacated; judgment of the trial court reversed; case remanded for trial.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.