580 P.2d 343

Moscoe J. "Buck" BROWN, Petitioner,

v.

SUPERIOR COURT OF the State of Arizona, COUNTY OF MARICOPA, Frederic HEINEMAN, Judge thereof, State of Arizona, Real Parties in Interest, Respondents.

No. 13541.

Supreme Court of Arizona,
In Banc.

June 7, 1978.

Stewart & McLean by Harry A. Stewart, Jr., Phoenix, for petitioner.

Charles F. Hyder, Maricopa County Atty. by Thomas E. Collins, Deputy County Atty., Phoenix, for respondents.

STRUCKMEYER, Vice Chief Justice.

This special action arises out of the refusal of the Superior Court of Maricopa County to grant Petitioner's motion to Suppress in Cause No. CR 97693. The order of the Superior Court denying Petitioner's Motion to Suppress is vacated with directions to suppress the evidence concerning petitioner's pickup truck and the items found in it.

On February 19, 1977, officers of the Arizona Department of Public Safety arrested several persons who had met an airplane at an airstrip near Wintersberg, Arizona. The plane had just arrived from Mexico and contained a substantial quantity of marijuana. Immediately thereafter, the officers went to a bar approximately four miles from the airstrip where they found Buck Brown, the petitioner. The officers thought they had previously seen Brown in the vicinity and knew that Brown was the person who had arranged with the pilot to fly the plane from Mexico. Brown was outside the bar when the officers arrived and was somewhere between thirty and fifty feet from his pickup truck. The

officers immediately arrested and handcuffed him, and placed him in their police vehicle.

After the arrest, an officer entered Brown's pickup truck and drove it to where the suspects from the airstrip were being held. Brown was driven to the same location in the police vehicle. At the airstrip, Brown was told to take any valuables from his truck because the officers were going to use the truck to transport the marijuana. Following these instructions, either Brown or an officer opened a locked steel toolbox installed in the bed of the pickup truck. A foil-wrapped package with a diamond ring attached to the outside was taken from the toolbox. Brown stated that the package contained $20,000.00 and the ring belonged to his wife. The officers seized the package of money and the ring.

Brown was subsequently charged with attempt to import marijuana and conspiracy in the first degree. He filed a motion to suppress in connection with the search and seizure of his pickup truck and the seizure of the $20,000.00 and the diamond ring. The Superior Court denied the motion.

Petitioner asserts that this search and seizure conducted by the officers without the aid of a warrant was unreasonable. The basic principle in this area is that a warrantless search is *per se* unreasonable unless it falls within one of a few well-delineated exceptions. *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). The State argues that the search and seizure come within several of the exceptions, but we do not find any exception applicable.

It is well settled that a police officer, when he has probable cause, may search a motor vehicle and seize contraband without a warrant if exigent circumstances are present. *Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); *State v. Sardo*, 112 Ariz. 509, 543 P.2d 1138 (1975); *State v. Dupuy*, 116 Ariz. 151, 568 P.2d 1049 (1977). In this case, the State does not argue, nor is there any evidence, that the officers had probable cause to be-

lieve that Brown's pickup contained contraband or seizable evidence.

■ The State attempts to justify the search of the pickup as being an incident to the arrest. The search occurred almost four miles from where the arrest was made and while Brown was in custody. Therefore, the search itself cannot be viewed as incident to the arrest as it was remote in time and place from the arrest and no exigency existed. *United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977); *Preston v. United States*, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964). Moreover, in order for the seizure of the truck to have been an incident to the arrest, the truck must have been either under Brown's immediate control at the time of the arrest or within easy access had he been able to break free from restraint. *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). In this case, the truck was not under Brown's immediate control at the time of arrest, nor do we think that it was within easy access under all the circumstances.

■ The State also argues that Brown's pickup truck was originally impounded for safekeeping and that if the officers had conducted an inventory search the seized evidence would have been discovered anyway. See generally, *State v. Lamb*, 116 Ariz. 134, 568 P.2d 1032 (1977). The first essential element for conducting an inventory search is that "the law enforcement officials must have lawful custody or possession of the automobile." *In re One 1965 Econoline, Etc.*, 109 Ariz. 433, 435, 511 P.2d 168, 170 (1973). It is beyond challenge that the police have the authority to seize and remove from the streets vehicles impeding traffic or threatening the safety and convenience of the public. *South Dakota v. Opperman*, 428 U.S. 364, 369, 96 S.Ct. 3092, 3095, 49 L.Ed.2d 1000 (1976). But whether the officers had lawful custody of the petitioner's pickup requires consideration as to the reasonableness of impounding petitioner's vehicle under the circumstances of the case. *Id.*; *In re One 1965 Econoline, Etc.*, supra.

■ Here, the petitioner was neither driving nor occupying the truck when he was arrested; rather, he was thirty to fifty feet away. Nor can it be said that it had been abandoned. *Cf. State v. Bradford*, 25 Ariz.App. 518, 544 P.2d 1119 (1976) (impoundment upheld where defendant had fled from his vehicle during police chase after vehicle had crashed into a shed on private property). The pickup was not impeding traffic or threatening the public safety. Moreover, there is not the slightest suggestion that the petitioner wanted his truck to be taken for safekeeping or that the officers had any legitimate reason for taking possession of it. These facts, together with the fact that the truck was parked on private property which appellant was managing, lead to the conclusion that the impoundment of the vehicle was unnecessary and its seizure illegal. *See State v. Bertram*, 18 Ariz.App. 579, 504 P.2d 520 (1972). That the pickup was taken for the purpose of transporting the marijuana does not provide justification for its seizure. Rather, this suggests that the officers were not, in fact, impounding it for safekeeping.

■ Finally, the State argues that even if the initial seizure of the vehicle was illegal, the petitioner nevertheless consented to the search and this consent constituted an intervening act of free will which broke any causal chain linking prior illegalities and the evidence seized. *State v. Fortier*, 113 Ariz. 332, 553 P.2d 1206 (1976). Whether consent to search under *Fortier* was, in fact, voluntary is a question which requires us to examine the totality of the circumstances.

■ In *State v. Kananen*, 97 Ariz. 233, 235, 399 P.2d 426, 427 (1965), we held:

"In determining whether or not there was a consent, it is necessary that such a waiver or consent be proved by clear and positive evidence in unequivocal words or conduct expressing consent, and it must be established that there was no duress or coercion, actual or implied."

Here, Brown was in custody when the search was made. Although this fact alone

is not enough to *per se* demonstrate coercion, it is a significant factor. *U. S. v. Watson*, 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976); *State v. Knaubert*, 27 Ariz.App. 53, 550 P.2d 1095 (1976). Brown was also in the patrol vehicle, handcuffed, when the police announced they were going to use his vehicle to transport the seized marijuana. Whether Brown opened the toolbox and took the money and ring out or whether the officers opened the toolbox is uncertain. But, in either event, the box was opened after he was told he had better remove his valuables. All the circumstances show that Brown was under compulsion when he told the police where to find his valuables rather than showing consent. The evidence clearly and positively establishes that petitioner did not freely and voluntarily give consent to search.

There being no justification for the search and seizure without a warrant, the evidence obtained thereby is not admissible in any subsequent prosecution.

CAMERON, C. J., and HOLOHAN, J., concur.

HAYS, specially concurring:

I concur in the result reached by the majority opinion, but I am compelled to comment on the fact that in my view the court should never have accepted jurisdiction of this special action. Apparently, the majority is prepared to grant instant review to the hundreds of motions to suppress which are filed in criminal cases in the trial courts. 17A A.R.S. Rules of Procedure for Special Actions, rule 1, in part says:

> "Except as authorized by statute, the special action shall not be available where there is an equally plain, speedy and adequate remedy by appeal; and nothing in these rules shall be construed as enlarging the scope of the relief traditionally granted under the writs of certiorari, mandamus, and prohibition."

The majority does not even address the question of why we took jurisdiction in this matter. Could it be because there is nothing different in this case from the many cases in which we have declined to accept jurisdiction?

I concur specially.

GORDON, J., concurs.