530 P.2d 910

**The STATE of Arizona, Appellee,**

v.

**Deone Stefanie JOHNSON,
Appellant.**

**No. 2 CA–CR 423.**

Court of Appeals of Arizona,
Division 2.

Jan. 22, 1975.

Review Denied March 18, 1975.

Bruce E. Babbitt, Atty. Gen., N. Warner Lee, Former Atty. Gen., by Teresa S. Thayer, Asst. Atty. Gen., Phoenix, for appellee.

Rabinovitz, Minker & Dix, P. C. by S. Jeffrey Minker, Tucson, for appellant.

## OPINION

KRUCKER, Judge.

Appellant appeals from a conviction of unlawful possession of a dangerous drug, a misdemeanor. Appellant was a student at Pima Junior College and while attending an evening class, she left her purse in a classroom at the college. A custodian found the purse after class hours and took it to the security office. The security officer, who was also a peace officer, opened the purse and found appellant's wallet on top and immediately inside the wallet found the identification, which established that appellant was the owner of the purse. The officer searched further through the purse, including a closed, inside pocket, and in the pocket found the pills involved herein. A list of the contents of the purse was made and signed by the security officer and custodian. The next day the security officer asked appellant if the purse was hers and she responded that it was. She was subsequently placed under arrest.

Appellant contends that the trial court erred in denying her motion to suppress the introduction of the amphetamines in evidence which were found in her lost purse pursuant to an inventory of its contents. The basic argument put forth by appellant is that once the security officer found her identification in the purse, he could not continue to inventory the purse's contents. She asserts that inventory searches only apply to automobiles, citing Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).

For the following reasons we reject appellant's contention and affirm the admission of the evidence. In Boulet v. State, 109 Ariz. 433, 511 P.2d 168 (1973), the Arizona Supreme Court considered the extent to which a police officer may

search an unattended car which appeared to have been in an accident or abandoned. The court, while viewing an inventory as a search, indicated that there are two essential requirements for such an inventory search to be valid. First, the police must have lawful custody; and, second, the police must have acted in good faith in conducting the inventory so as not to use it as a subterfuge for a warrantless search. *Boulet,* supra, at 435, 511 P.2d 168. As to the issue of good faith, the court makes the comment:

> "It is unrealistic to require that in justifying the inventory search the police must affirm that they had no hope or expectation of finding something incriminating. What makes an inventory search reasonable under the requirements of the Fourth Amendment is not that the subjective motives of the police were simplistically pure, but whether the facts of the situation indicate that an inventory search is reasonable under the circumstances." *Id.* at 435, 511 P.2d at 170.

Although the instant case does not involve an automobile search, we find the standards previously enunciated to be reasonable and therefore applicable to general inventory searches made by police officers of property which legitimately falls into their possession.

The second question which arises is to what extent a police officer may carry his inventory. The plain sight rule was rejected in *Boulet* as to inventory searches. The court therein stated:

> "We do not agree with the rationale that while it is reasonable to inventory the vehicle in the first instance for those things which are in clear or plain view, it becomes unreasonable to inventory what is not in plain view. If one of the reasons for conducting the inventory is to safeguard valuables which might be present, it is illogical to prohibit law enforcement officials from searching those areas wherein valuables are most likely to be placed." *Id.* at 436, 511 P.2d at 171.

The rationale of allowing an inventory for the purpose of safeguarding valuables would appear to be clearly applicable here.

 The Fourth Amendment guarantees to each citizen a right of privacy in his affairs and in his possessions. An unauthorized intrusion into an area wherein privacy would normally be expected constitutes an illegal search that is within the proscription of the Fourth Amendment. Katz v. United States, 389 U.S. 347, 88 S. Ct. 507, 19 L.Ed.2d 576 (1967). However, we cannot say in the instant case that an inventory search of a lost purse is unreasonable because as previously indicated, the purse was in lawful custody and the inventory was conducted in good faith.

The admissibility of the evidence is affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.