616 P.2d 39

**STATE of Arizona, Appellee,**

v.

**Dayton T. LOYD, aka Anthony James Piearce, Appellant.**

**No. 4819.**

Supreme Court of Arizona,
En Banc.

July 16, 1980.

Rehearing Denied Sept. 4, 1980.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and R. Wayne Ford, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by J. D. Howe, Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

After trial to a jury, appellant was convicted of first degree murder and armed robbery. The presumptive sentence, life imprisonment without possibility of parole for 25 years, was imposed for the murder conviction. In addition, appellant received a concurrent ten and one–half year term for the armed robbery count. Taking jurisdiction pursuant to A.R.S. § 13–4031, we affirm.

Appellant was convicted of murdering Mrs. Betty Jenkins in her Paradise Valley home on January 15, 1979 and taking from her several items of jewelry. Immediately following the murder, appellant fled Arizona, travelling by way of California, to Quincy, Illinois, where he was arrested on January 19, 1979. Additional facts necessary for the determination of this appeal will be discussed throughout the opinion.

I

Appellant contends the trial court erred by failing to suppress evidence obtained in a warrantless search of his trunk seized in Oakland, California.

On January 16, 1979, an employee of the Greyhound Bus Company discovered a small blue trunk in the men's room of the Oakland bus terminal. Since there were no identifying tags on the outside of the trunk, the trunk's lock was broken and its contents checked by Greyhound employees in an attempt to ascertain the trunk's owner. At that time the Greyhound people also made a brief inventory of the trunk's contents.

Following an inquiry by police authorities in Arizona, on January 26, 1979, Greyhound notified the Paradise Valley Police Department that the trunk had been found. A detective from Paradise Valley went to Oakland, checked the contents of the trunk against Greyhound's inventory and then brought the trunk back to Arizona. In Paradise Valley, the contents of the trunk were completely inventoried. Taken from the trunk and introduced into evidence at trial was the box for a .38–caliber derringer.

Appellant claims the evidence discovered in the warrantless search of the trunk should not have been admitted at trial. We note at the outset that the "exclusionary rule was fashioned as a sanction to redress and deter overreaching *governmental* conduct prohibited by the Fourth Amendment." *Davis v. Mississippi*, 394 U.S. 723, 724, 89 S.Ct. 1394, 1396, 22 L.Ed.2d 676 (1969) (emphasis added). There is no evidence that Greyhound personnel acted at the direction of the police, as police agents, or under authority of the state when they opened appellant's trunk, *State v. Fellows*, 109 Ariz. 454, 511 P.2d 636 (1973); *State v. Fassler*, 108 Ariz. 586, 503 P.2d 807 (1972); therefore, none of appellant's Fourth or Fourteenth Amendment rights were violated. *See Burdeau v. McDowell*, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048 (1921). "[S]ince the exclusionary rule is an attempt to effectuate the guaranties of the Fourth

Amendment, it is proper to permit only defendants whose Fourth Amendment rights have been violated to benefit from the rule's protections." *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 425, 58 L.Ed.2d 387 (1978) (citation omitted).

Appellant also objects to the inventory searches of the trunk made by the officer from the Paradise Valley Police Department. We have said previously that "[w]hat makes an inventory search reasonable under the requirements of the Fourth Amendment is not that the subjective motives of the police are simplistically pure, but whether the facts of the situation indicate that an inventory search is reasonable under the circumstances." *In re One 1965 Econoline, etc.*, 109 Ariz. 433, 435, 511 P.2d 168, 170 (1973); *State v. Johnson*, 23 Ariz. App. 64, 530 P.2d 910 (1975).

■ In order to lay the necessary foundation at trial for admission of any of the items found in the trunk, it was incumbent upon the police officer to determine that he was taking possession of the items listed on the inventory. Additionally, since the police officer was taking possession of an opened trunk, the usual police interest in guarding against charges of theft and defendant's interest in having his property protected while it is in police custody are present here and support the reasonableness of the inventory.

## II

■ Appellant next contends that statements he made to police investigators in Quincy, Illinois, without his court–appointed counsel present, should not have been admitted at trial.

An Illinois attorney was appointed to represent appellant in the matter of his extradition to Arizona. Without that attorney being present, investigators from Arizona interviewed appellant with respect to extradition and appellant subsequently decided to waive extradition and return to Arizona.

After reaching agreement on the extradition question, the investigators decided to ask appellant questions regarding Mrs. Jen-

kins' murder. Before the questioning began, appellant was advised of his Constitutional rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Appellant indicated he understood those rights and wished to go ahead with the questioning. During the course of the interview, appellant was advised of his *Miranda* rights a second time and again he indicated he understood those rights. Appellant also acknowledged that he had not been threatened, coerced, or in any way influenced by police into making his statements and that those statements were made of his own free will. Additionally, appellant testified at trial that the interview, which had been tape–recorded and played to the jury, was given voluntarily.

Appellant would have us hold that since he was questioned about the murder without an attorney present, his statements should have been suppressed. We disagree. *Miranda* recognized that a defendant may waive Constitutional rights if that waiver is voluntary, knowing and intelligent. *State ex rel. Berger v. Myers*, 105 Ariz. 553, 468 P.2d 580 (1970). We have previously held there is no constitutional duty to contact counsel for defendant if the individual makes a valid waiver of the right to have a lawyer present during questioning. *State v. Marks*, 113 Ariz. 71, 546 P.2d 807 (1976). We have also held that there is no specific recital of "magic words" necessary to constitute waiver of counsel during questioning. *State ex rel. Berger v. Myers, supra; State v. Jenkins*, 111 Ariz. 13, 522 P.2d 1090 (1974).

The trial court determined that appellant's statements were voluntarily made and we, after reviewing a transcript of the recording made part of the record on appeal, agree that appellant was properly advised of his rights and voluntarily waived his right to the presence of counsel during the interview. Appellant's statements were properly admitted.

## III

Appellant claims the trial judge committed reversible error when he instructed the jury on flight.

While merely leaving the scene does not constitute flight in Arizona, *State v. Bailey*, 107 Ariz. 451, 489 P.2d 261 (1971); *State v. Castro*, 106 Ariz. 78, 471 P.2d 274 (1970); *State v. Rogers*, 103 Ariz. 393, 442 P.2d 840 (1968), leaving the area and attempting concealment does, *State v. Swinburne*, 116 Ariz. 403, 569 P.2d 833 (1977); *State v. Ferrari*, 112 Ariz. 324, 541 P.2d 921 (1975); *State v. Owen*, 94 Ariz. 404, 385 P.2d 700 (1963), *rev'd on other grounds*, 378 U.S. 574, 84 S.Ct. 1932, 12 L.Ed.2d 1041 (1963).

Evidence concerning flight is admitted because flight raises an inference which, when taken together with other evidence, points to a consciousness of guilt on the part of a defendant. In other words, an innocent person would not flee or conceal himself in order to avoid detection. When the accused flees from the scene and attempts to conceal himself in order to avoid detection by the police, an instruction on flight is permissible.

Here, immediately following the crime, appellant left the state and travelled under a name different from the one he used in Arizona. While living in Arizona appellant used the name Anthony Piearce. He obtained employment under that name, signed an apartment lease using that name, and was known as Tony Piearce among his friends. Appellant never used the name Dayton Loyd in Arizona. After he left Arizona, appellant purchased a bus ticket under the name of Dayton Loyd and from that point forward intended to be known as Dayton Loyd. When he was arrested appellant identified himself as Dayton Loyd.

Although we think the fact that appellant fled the state and used a different name sufficient here to justify the flight instruction, we also note appellant admitted he fled Arizona to avoid arrest when he testified that "I couldn't go back to Phoenix because I was afraid I was going to get arrested for them rings. . . ." We think the instruction on flight was appropriate.

Having reviewed the record for fundamental error, A.R.S. § 13–4035, and finding none, the judgment of conviction and sentence are affirmed.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and CAMERON and GORDON, JJ., concur.