**Robert Leroy GUILLETT, Jr.**

v.

**The STATE of Texas, Appellee.**

**No. 01–81–0264–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 28, 1983.

James M. Sims, Houston, for appellant.
Roberto Gutierrez, Houston, for appellee.

Before SMITH, DUGGAN and LEVY, JJ.

OPINION

LEVY, Justice.

Appeal is taken from a conviction of possession of a controlled substance, namely, methaqualone, in a trial before the court. Punishment assessed is one hundred and one days in the Harris County jail and a $250 fine.

On March 6, 1981, Officers Patrick D. Pennington and Lawrence Smith observed

appellant's automobile blocking a lane of traffic. The officers pulled alongside the vehicle and observed appellant with a syringe in his hand. They also observed appellant and a female passenger "stumbling and falling about" when the two exited appellant's automobile. Appellant was arrested for driving while intoxicated, and the female passenger for public intoxication. They were both handcuffed and placed in the patrol car. The officers determined that there was no one with whom to entrust appellant's car and that the car was unsafe to drive, so they called for a wrecker. Before having the car towed to the police station, Officer Pennington conducted a routine "inventory search." He recovered a syringe and two marihuana cigarettes from the interior of the car. Pennington then took appellant's keys, unlocked and searched the glove compartment of the car, and seized an open bank bag containing, among other things, methaqualone, which formed the basis of this prosecution.

■ In the first of his two grounds of error, appellant contends that the record fails to show that he affirmatively and voluntarily waived his constitutional right to a trial by jury.

■ We have held, as a matter of federal constitutional law, that the State must establish through the trial record an *express,* knowing, and intelligent waiver of jury trial by the defendant. A waiver of jury is not to be presumed from a silent record, at least on direct appeal. *Samudio v. State,* 635 S.W.2d 183 (Tex.App.—Houston [1st Dist.]), affirmed, 648 S.W.2d 312 (Tex.Cr. App.1983)

■ To establish such a waiver, the State must demonstrate an intentional relinquishment or abandonment of a known right or privilege, but courts indulge every reasonable presumption *against* waiver of fundamental rights. *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

Appellant's first ground of error is sustained.

■ In his second ground of error, appellant argues that the trial court erred in overruling his motion to suppress the fruits of a search of his locked glove compartment. Appellant maintains that the search of his locked glove compartment was not justified under the notion of "inventory search" and thus violated his constitutional right to be free from unreasonable searches and seizures.

After the appellant and his female companion were arrested for being intoxicated, Officer Pennington called for a wrecker to tow the car away and began to inventory the car. Pennington had checked the stalled car's brakes and had decided that it was not safe to drive. During his inventory, he found a syringe on the floor and two handrolled marihuana cigarettes in the back seat. Pennington also noticed that the car smelled of burnt marihuana. Then he took the car keys and unlocked the glove box, where he found an open bank bag containing one hundred and one pills of methaqualone, a quarter baggie of marihuana, an assortment of cash, and an address book.

■ An "inventory search" procedure is considered a reasonable response to three separate needs: 1) the protection of the owner's property while it remains in police custody; 2) the protection of the police against claims or disputes over lost or stolen property; and 3) the protection of the police from potential danger. *South Dakota v. Opperman,* 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976).

Our Texas Court of Criminal Appeals has recently considered the constitutional issue of an inventory search of a locked trunk of an automobile in a recent case with facts very similar to the facts in the present case. In *Gill v. State,* 625 S.W.2d 307 (Tex.Cr. App.1981), the appellant was appealing a conviction for possession of hydromorphone. A police officer saw the appellant sitting alone in a parked car, holding a syringe. The officer asked the appellant for identification, and the appellant emerged, producing an evidently altered driver's license. The appellant tried to get back into the car, but the officers restrained him and

searched the interior of the car. They seized, among other things, the altered driver's license, a syringe which contained a liquid that was not identified, and a marihuana cigarette. The officers asked the appellant for a key to the trunk, but he did not provide one. The officers then called a wrecker and asked the wrecker driver to remove the back seat of the car so that they could search the trunk. They there found the bottle of hydromorphone tablets which was the basis of Gill's prosecution.

In its opinion on the State's motion for rehearing, the Court rejected the State's contentions that the search was a valid inventory search:

> A true inventory search of an automobile, occurring outside the legal concepts of probable cause or search incident to a lawful arrest, is just ·that and nothing more. It means that, using a standard inventory form prepared pursuant to standard police procedure, a police officer or his agent lawfully inventories the contents of a lawfully impounded motor vehicle. E.g. *Daniels v. State,* 600 S.W.2d 813 (Tex.Cr.App.1980); *Benavides v. State,* 600 S.W.2d 809 (Tex.Cr.App.1980). Because the officer or his agent is doing nothing more than *taking stock* of loose items of personal property found in the vehicle, items of personal property found in plain view or in unlocked compartments of the vehicle may be seized. *Gill, supra,* at 319.

Since the glove compartment was locked in this instance, it is unlikely that police would be charged with losing or misappropriating property found therein, and the possibility of vandalism by other persons of the locked compartment's contents is sufficiently minimized so that the purposes of the inventory search are not sufficient to outweigh the appellant's reasonable expectation of privacy in the locked' compartment. In this case, as in the case of *Gill supra,* the evidence found in open view in the interior of the car did not, alone, justify an entry into the locked glove compartment of the automobile so as to authorize a warrantless search.

We hold, therefore, that the trial court erred in overruling appellant's motion to suppress, because the entry into the locked compartment of the car under the concept of a routine "inventory search" constituted an unlawful intrusion of appellant's right to be secure against unreasonable searches and seizures, vouchsafed by both the Texas Constitution and the United States Constitution.

Appellant's second ground of error is therefore sustained, and the judgment is reversed and remanded.