Richard G. MAYHOOD, Appellant,

v.

STATE of Texas, Appellee.

No. 13–83–415–CR.

Court of Appeals of Texas,
Corpus Christi.

April 30, 1984.

Kenneth A. Korth, Victoria, for appellant.

Thomas L. Bridges, Dist. Atty., Sinton, for appellee.

Before SEERDEN, YOUNG and UTTER, JJ.

OPINION

SEERDEN, Justice.

This is an appeal from a conviction for possession of a controlled substance, methamphetamine. Punishment was assessed at five years in the Texas Department of Corrections, and in addition, a fine of $1,000.00 was assessed. The imprisonment was probated.

Trial was to the Court, wherein the appellant plead guilty, but reserved his right to appeal based upon the trial court's denial of his motion to suppress the fruits of the non-consensual, warrantless search of his vehicle.

On March 4, 1983, appellant was operating a Chevrolet pick-up when he was stopped by a Department of Public Safety Trooper because of erratic driving. Appellant was arrested for D.W.I. and taken to the Bee County Sheriff's office. His truck was driven to the same place and left in the

front parking lot. It was locked by one of the officers. Appellant was given a breath test and charged with D.W.I. Thereafter, pursuant to Department of Public Safety policy, an inventory of the pick-up was made. The items found in the vehicle were listed on the property inventory form prepared by the Department of Public Safety. Among the items was a shaving kit which was located in the bed of the pick-up. The kit's zipper was opened by the officers and the contents were inventoried. Inside the shaving kit was shaving cream, a razor and tooth polish. A baggy of marihuana was also found. Inside the baggy was a little corner of a baggy containing a coarse, white powder. Upon testing, the coarse, white powder was found to be methamphetamine.

Appellant first complains that the nonconsensual, warrantless inventory search was invalid because it was conducted for investigatory purposes.

■ Both the Constitutions of the United States, (U.S. CONST. Amend. IV) and Texas (TEX. CONST. art. I, § 9), declare that people shall be secure, not only in their persons and houses, but in their effects and possessions from unreasonable searches and seizures. The security of one's privacy against arbitrary intrusion by the police is basic to a free society. *Wolf v. Colorado,* 338 U.S. 25, 69 S.Ct. 1359, 93 L.Ed. 1782 (1949). Nevertheless, every warrantless intrusion upon one's privacy is not prohibited. Only those searches which are unreasonable or arbitrary are prohibited.

In our fast moving society, practical necessity and changing circumstances must be weighed against the legitimate and reasonable expectation of persons to be completely left alone by the State and those acting under color of its authority. One of the recognized areas where searches are permitted is in the inventory of persons and their property when such person or property is properly in the custody of the State. *Stewart v. State,* 611 S.W.2d 434 (Tex.Cr.App.1981). Inventory searches of automobiles have also been approved. *South Dakota v. Opperman,* 428 U.S. 364,

96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976); *Smyth v. State,* 634 S.W.2d 721 (Tex.Cr. App.1982); *Evers v. State,* 576 S.W.2d 46 (Tex.Cr.App.1978).

Three reasons are often listed for making an inventory and listing the contents of a vehicle:

1. protection of the owner's property;

2. protection of police against claims of lost or stolen property;

3. protection of police from potential danger. *South Dakota v. Opperman,* 428 U.S. at 369, 96 S.Ct. at 3097.

■ The fact that the person making the inventory is aware that he might find contraband does not invalidate the search so long as it is clear that the procedure is a valid inventory and not merely a pretext for a search. *United States v. Hall,* 565 F.2d 917, 922 (5th Cir.1978); *United States v. Ducker,* 491 F.2d 1190, 1191 (5th Cir. 1974); *In re One 1965 Econoline Van (Boulet v. Arizona),* 109 Ariz. 433, 511 P.2d 168 (1973).

■ We hold that there was ample evidence, both from the officer's testimony and the circumstances surrounding the search in this case, to justify the conclusion that the officer, using the standard inventory form prepared pursuant to department policy, was doing nothing more than taking stock of loose items of personal property found in the vehicle. Accordingly, we overrule appellant's first ground of error.

The second ground of error complains of the intrusion into the container, in this case, the shaving kit.

■ In deciding to what extent the inventory may proceed, the surrounding facts of each case must be examined. *Nastu v. State,* 589 S.W.2d 434, 438 (Tex.Cr. App.1979).

Appellant seeks to make the validity of this search dependent on the type of container under consideration. While this classification is helpful, it is not determinative. As stated in *Stewart v. State,* 611 S.W.2d 434 (Tex.Cr.App.1981).

"Some objects will virtually always be either susceptible or not susceptible to

search incident to arrest. In-pocket wallets are a clear example. Purses, attache cases and suitcases define a group of objects in which contextual interpretation is more flexible."

*LaLande v. State,* 651 S.W.2d 402 (Tex. App.—El Paso 1983, pet. granted). *See United States v. Berry,* 560 F.2d 861 (7th Cir.1977), vacated on other grounds, 571 F.2d 2 (7th Cir.1978).

An unlocked glove box in a vehicle has been held to be subject to legitimate inventory, *Backer v. State,* 656 S.W.2d 463 (Tex. Cr.App.1983), while the locked glove compartment was not. *Guillett v. State,* 651 S.W.2d 902 (Tex.App.—Houston [1st Dist.] 1983, pet. granted).

We believe that in placing the shaving kit in the bed of the pick-up, appellant was not indicating any great expectation of privacy. In addition, the officer was justified in examining the contents of the kit to determine if there was anything of value in it and whether it would be appropriate to remove it from the bed of the pick-up. *In re One 1965 Econoline Van,* 511 P.2d at 171.

We, therefore, hold that the opening of the shaving kit was a reasonable part of the vehicle inventory in the case. Appellant's second ground of error is overruled.

The judgment is affirmed.