Larry Maurice FENTON, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 3–89–047–CR.

Court of Appeals of Texas,
Austin.

Feb. 28, 1990.

a controlled substance (a form of methamphetamine known commonly as "ecstasy"), assessing his punishment at six-years confinement and a fine of $2,000.00, the period of confinement being probated. The trial court convicted and sentenced him accordingly. Fenton appeals. We will reverse the trial-court judgment and order the cause remanded.

## THE CONTROVERSY

The jury finding of guilty rests solely on the contraband discovered in a search of Fenton's car in a public parking lot where Fenton parked the car after his arrest for speeding, failing to carry evidence of liability insurancê, and driving with a suspended operator's license.

The arresting officer stopped Fenton for driving his automobile at an excessive rate of speed on a public highway east of La Grange. When asked to show his operator's license and evidence of liability insurance, Fenton failed to do so, informing the officer that his license had been suspended. The officer asked Fenton to drive to the Fayette County Justice Center in La Grange in order to verify that his license was suspended. Fenton did so. Arriving at the Justice Center, Fenton parked his car in the parking lot and entered the building with the officer. The suspension being verified, the officer arrested Fenton for the three offenses mentioned above.

The arresting officer released Fenton to the jailer for booking and posting bond, then left the building to "inventory" Fenton's car. He discovered the contraband in the car wrapped in a plastic bag. The present prosecution followed.

Kim H. Tolleson, Tomball, for appellant.

John Wied, Dist. Atty., La Grange, for appellee.

Before POWERS, ABOUSSIE and ONION *, JJ.

POWERS, Justice.

A jury found Larry Maurice Fenton, Jr. guilty of possessing less than 28 grams of

Fenton brings several points of error to this court, including a point that the court below erred by admitting in evidence the contraband when it had been discovered and taken in an illegal warrantless search. We will sustain the point and need not discuss Fenton's other assignments of error.

* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003 (1988).

## DISCUSSION AND HOLDINGS

The State contends the warrantless search was permissible as an "inventory" search under *South Dakota v. Opperman,* 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976). The burden of proof in that regard rested upon the State. *Delgado v. State,* 718 S.W.2d 718, 721 (Tex.Cr.App.1986).

■ *Opperman* authorizes an "inventory" search, or one designed to ascertain and secure the contents of a properly impounded automobile, where a necessity exists (1) to protect the defendant's property while it is in police custody, (2) to protect the authorities against claims of lost or stolen property, or (3) to protect the police from potential danger. *Opperman,* 428 U.S. at 375, 96 S.Ct. at 3100. The necessary predicate for any such search, however, is that the automobile be lawfully *impounded,* that is to say, taken lawfully into official custody. *Id.,* at 375, 376, 96 S.Ct. at 3100, 3100–01; *see also Benavides v. State,* 600 S.W.2d 809, 810 (Tex.Cr.App. 1980).

■ Impoundment of an automobile may be lawful in a variety of circumstances. *See Mayhood v. State,* 669 S.W.2d 873, 874 (Tex.App.1984, pet. ref'd). Reasonable cause for impoundment may arise from: (1) an unattended vehicle that is illegally parked or otherwise an impediment to traffic, *Collins v. State,* 630 S.W.2d 890 (Tex. App.1982, pet. ref'd); (2) an unattended vehicle that the driver cannot remove because he is injured or physically or mentally incapacitated, *Sandel v. State,* 253 S.W.2d 283 (Tex.Cr.App.1952); *Boughton v. State,* 643 S.W.2d 147 (Tex.App.1982, no pet.); (3) a vehicle that has been stolen or used in the commission of another crime, *Gauldin v. State,* 683 S.W.2d 411 (Tex.Cr. App.1984); *Pearson v. State,* 649 S.W.2d 786 (Tex.App.1983, pet. ref'd); or (4) a vehicle that becomes unattended because the driver is removed from the vehicle, placed under arrest, and his property cannot be protected by any means other than im-

poundment. *Evers v. State,* 576 S.W.2d 46 (Tex.Cr.App.1978).

■ The evidence shows without dispute that Fenton was brought into official custody to determine if his license was suspended, and to give an appearance bond on the three offenses connected with his operation of the automobile. There is no dispute that Fenton possessed on his person sufficient cash to make a bond of the kind required. There is, conversely, no evidence that his vehicle was illegally parked in the public parking lot or that it impeded traffic, that he was injured or incapacitated, that the vehicle was stolen or had been used in committing another crime, *or that a necessity existed for protecting Fenton's property because his detention would be more than temporary as he was booked and made bond.*

We hold in consequence that the search was illegal, and the contraband was not admissible. *Rodriguez v. State,* 641 S.W.2d 955, 958 (Tex.App.1982, no pet.).[1]

We cannot conclude that the error was harmless beyond a reasonable doubt in its effect upon the jury. Tex.R.App.P.Ann. 81(b)(2) (Pamp.1989); *Gauldin,* 683 S.W.2d at 415.

We therefore reverse the judgment below and order that the cause be remanded for a new trial.

■

---

1. *See also, Manalansan v. State,* 45 Md.App. 667, 415 A.2d 308 (1980); *State of Washington v. Singleton,* 9 Wash.App. 327, 511 P.2d 1396 (1973); *Pigford v. United States,* 273 A.2d 837 (D.C.App.1971).