11th Court of Appeals
Eastland, Texas
Opinion
 
Michael Duane Trout
            Appellant
Vs.                  No. 11-03-00134-CR -- Appeal from Dallas County
State of Texas
            Appellee
 
            After the trial court denied his motion to suppress the evidence, Michael Duane Trout
pleaded guilty to the offense of possession with intent to deliver between 200 and 400 grams of
methamphetamine. He also pleaded true to the enhancement allegations. The trial court accepted
appellant’s pleas, convicted him of the offense charged, and assessed his punishment at confinement
for 25 years in accordance with the plea bargain agreement. We modify and affirm. 
Issues Presented and Standard of Review
            In the first six issues, appellant challenges the trial court’s ruling on the pretrial motion to
suppress. Appellant contends in the first and second issues that the search of the van was improper
under both the United States Constitution and the Texas Constitution because the officer knew the
van was not stolen and because the van had no connection to the arrest. In the third and fourth
issues, appellant argues that the search of the closed container that was found in the van was
improper under both constitutions. In his fifth and sixth issues, appellant contends, again under both
constitutions, that the warrantless search of the motel room was improper. In his final issue,
appellant urges that the judgment incorrectly reflects the amount of time that should be credited to
his sentence. 
            In reviewing a trial court’s ruling on a motion to suppress, appellate courts must give great
deference to the trial court’s findings of historical facts as long as the record supports the findings. 
Guzman v. State, 955 S.W.2d 85, 87 (Tex.Cr.App.1997). Because the trial court is the exclusive fact
finder, the appellate court reviews evidence adduced at the suppression hearing in the light most
favorable to the trial court’s ruling. Carmouche v. State, 10 S.W.3d 323, 327 (Tex.Cr.App.2000). 
We also give deference to the trial court’s rulings on mixed questions of law and fact when those
rulings turn on an evaluation of credibility and demeanor. Guzman v. State, supra. Where such
rulings do not turn on an evaluation of credibility and demeanor, we review the trial court’s actions
de novo. Guzman v. State, supra; Davila v. State, 4 S.W.3d 844 (Tex.App. - Eastland 1999, no
pet’n).
Search of the Vehicle
            In his first and second issues, appellant argues that the search of the van was illegal under the
Fourth Amendment of the United States Constitution and Article I, section 9 of the Texas
Constitution. Before reaching appellant’s issues, we must address the State’s assertion, which was
raised for the first time on appeal, that appellant has no standing to challenge the search of the van
because he did not own the van and because the record does not show that he had permission to use
the van. See Wilson v. State, 692 S.W.2d 661 (Tex.Cr.App.1984). 
            The purpose of both the Fourth Amendment and Article I, section 9 is to safeguard 
legitimate expectations of privacy from unreasonable governmental intrusions. Villarreal v. State,
935 S.W.2d 134, 138 (Tex.Cr.App.1996); Richardson v. State, 865 S.W.2d 944, 948 (Tex.Cr.App.
1993). A defendant has standing to challenge the admission of evidence obtained during a
governmental intrusion only if he had a legitimate expectation of privacy in the place invaded. 
Rakas v. Illinois, 439 U.S. 128, 143 (1978); Villarreal v. State, supra. The defendant bears the
burden of proving facts establishing a legitimate expectation of privacy. Villarreal v. State, supra;
Wilson v. State, supra at 667. 
            The record from the suppression hearing showed that the van was registered to appellant’s
mother. Appellant had a key to the van and was in possession of the van at the time of his arrest. 
Appellant’s mother testified that appellant did not steal the van, that she had not reported it stolen,
and that the van had previously been owned by appellant. According to appellant’s mother, appellant
used the van to haul items to flea markets. We cannot hold that appellant failed to meet his burden
on the issue of standing. See Wilson v. State, supra. 
            With respect to propriety of the search of the van, the record shows that Officer Ed Patterson
of the Irving Police Department was patrolling an area known for narcotic activity. In cooperation
with the Motel 6 located in that area, Officer Patterson checked the guest register for people with
warrants and also ran the license plates of the vehicles in the parking lot. One of the vehicles in the
parking lot, a 1986 Chevrolet van, came back with a “hit” showing that it was a “felony vehicle,”
which the officer explained meant “a vehicle that was used in a felony.” Upon inquiring from NCIC,
the officer was instructed to treat the vehicle as a stolen vehicle and was given appellant’s name and
description as being associated with the van. Officer Patterson called for backup. While he was
waiting for backup to arrive, Officer Patterson saw a man walk out of a motel room and use a key
to open the back of the van. The man fit the description that Officer Patterson had been given. 
Officer Patterson approached and asked the man for identification. The man gave the officer a
driver’s license bearing the name of “Gary Gordan Skinner.” The man told the officer that his wife
and two dogs were staying with him in the motel room. Officer Patterson asked the man to summon
his wife. When the man’s wife came outside, she was asked for her name; she gave the officer two
different names, neither of which matched the name that the man had given. After she was shown
a fax with appellant’s name and picture on it, the woman finally admitted that her name was Brenda
Trout and identified the man with her as Michael Duane Trout, her husband of eight years. 
            Officer Patterson confirmed that there were outstanding warrants for appellant’s arrest and
then placed appellant under arrest. Officer Patterson subsequently conducted an inventory search
of the van. In the center console of the van, the officer found methamphetamine inside of a putty
container.
            The inventory search of the van did not violate appellant’s right to be free from unreasonable
searches under either the Fourth Amendment or Article I, section 9. A valid inventory search has
long been recognized as an exception to the warrant requirement. Illinois v. Lafayette, 462 U.S. 640,
643 (1983); Benavides v. State, 600 S.W.2d 809, 810 (Tex.Cr.App.1980). Police may properly
impound and inventory a vehicle that is used in the commission of a crime. Lagaite v. State, 995
S.W.2d 860, 865 (Tex.App. - Houston [1st Dist.] 1999, pet’n ref’d); Gandy v. State, 835 S.W.2d
238, 243 (Tex.App. - Houston [1st Dist.] 1992, pet’n ref’d); Fenton v. State, 785 S.W.2d 443, 445
(Tex.App. - Austin 1990, no pet’n). When Officer Patterson ran the van’s license plate, he
discovered that the van had been used in the commission of a felony and was instructed to treat the
van like a stolen vehicle. Officer Patterson testified that he followed the standard procedures for
conducting an inventory of the van before impounding it. We hold that the trial court did not err in
denying appellant’s motion to suppress with respect to the propriety of the inventory. The first and
second issues are overruled. 
Search of the Closed Container
            In his third and fourth issues, appellant argues that the inventory exception to the Fourth
Amendment and to Article I, section 9 does not apply to the closed container found in the center
console of the van. We disagree. 
            Under the Fourth Amendment, it is permissible to open closed containers during an inventory
search of a vehicle. Florida v. Wells, 495 U.S. 1 (1990). Appellant asserts, though, that Article I,
section 9 provides greater protection than the Fourth Amendment with respect to the search of closed
containers found during an inventory of a vehicle. Appellant relies upon the plurality opinion in
Autran v. State, 887 S.W.2d 31 (Tex.Cr.App.1994), to support his argument. However, our court
and some of our sister courts have specifically rejected the plurality opinion in Autran as not being
binding precedent and held that Article I, section 9 does not provide greater protection from
inventory searches than the Fourth Amendment. State v. Mercado, 993 S.W.2d 815, 818-19
(Tex.App. - El Paso 1999, pet’n ref’d); Jurdi v. State, 980 S.W.2d 904, 907 (Tex.App. - Fort Worth
1998, pet’n ref’d); Wells v. State, 968 S.W.2d 483, 486 (Tex.App. - Eastland 1998, pet’n ref’d), cert.
den’d, 526 U.S. 1021 (1999); Trujillo v. State, 952 S.W.2d 879, 881 (Tex.App. - Dallas 1997, no
pet’n); Madison v. State, 922 S.W.2d 610, 613 (Tex.App. - Texarkana 1996, pet’n ref’d); see also
Johnson v. State, 912 S.W.2d 227, 232 (Tex.Cr.App.1995); Crittenden v. State, 899 S.W.2d 668, 682
(Tex.Cr.App.1995)(there is no substantive difference between the language of the Fourth
Amendment and Article I, section 9). In Mercado, Jurdi, Wells, Trujillo, and Madison, each court
held that evidence discovered in a closed container during an inventory search was admissible and
that the defendant’s rights under the Texas Constitution were not violated. 
            Likewise, we hold that the trial court did not err by denying the motion to suppress the
evidence that was found in the putty container. Appellant’s constitutional rights under the Fourth
Amendment and under Article I, section 9 were not violated by the officer’s opening of the closed
container found in the van during an inventory of the van. The third and fourth issues are overruled.
Search of the Motel Room
            In his fifth and sixth issues, appellant contends that the trial court erred by denying the motion
to suppress the evidence that was discovered during the warrantless search of the motel room. An
exception to the warrant requirement exists under both the state and federal constitutions when the
search is conducted pursuant to consent. Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973);
Carmouche v. State, supra at 331. In order to be valid, the consent to search must be voluntary and
must not be coerced. Schneckloth v. Bustamonte, supra at 228; Carmouche v. State, supra. The
voluntariness of the consent is a question of fact that the State must prove by a preponderance of the
evidence to satisfy the United States Constitution and by clear and convincing evidence to satisfy the
Texas Constitution. Carmouche v. State, supra; State v. Ibarra, 953 S.W.2d 242 (Tex.Cr.App.1997). 
            In this case, Officer Patterson testified that appellant’s wife consented to the search of the
motel room. After conducting the inventory search of the van and finding the container of
methamphetamine, Officer Patterson asked appellant’s wife for permission to search the motel room. 
According to the officer, appellant’s wife gave verbal consent and agreed to the search. Officer
Patterson testified that, although he had previously told appellant’s wife that she could go to jail for
harboring a felon if she was lying about appellant’s identity, he did not coerce her into giving consent
to search and made no such threats when asking for permission to search the room. Inside the motel
room, officers found marihuana cigarettes; an ice chest containing baggies of methamphetamine; a
storage container with drug paraphernalia and empty capsules in it; and an unlocked safe containing
drug paraphernalia, scales, a spoon, Q-tips, and drug notes. Under the mattress, officers found nine
small baggies of methamphetamine, two loaded syringes, and $2,500. 
            Appellant’s wife testified that a police officer threatened to throw her in jail, that she was
crying hysterically, and that she was reluctant and scared. According to appellant’s wife, the officer
did not ask if he could “search” the room, only if he could “look around.” Appellant’s wife testified
that the officer told her she would go to jail if she did not cooperate and that the “cooperation” the
officer sought was her permission to look around the motel room. 
            The trial court specifically found that appellant’s wife was “not a credible witness.” As the
trier of fact at the suppression hearing, the trial court was free to judge the credibility of the witnesses,
to believe the officer, and to disbelieve appellant’s wife. We hold that, through Officer Patterson’s
testimony, the State met its burden of proving by clear and convincing evidence that appellant’s wife
voluntarily consented to the search of the motel room. The fifth and sixth issues are overruled. 
Credit for Time Served
            In his final issue, appellant complains that the judgment only gives him credit for time served
from “4/25/00 - 11/20/00; 1/22/02 - 3/11/03.” The State concedes that the judgment in this case
incorrectly reflects the rulings that the trial court made in open court with respect to the amount of
time that appellant had already spent in jail. Both appellant and the State request that we reform the
judgment to accurately reflect the amount of time for which appellant should be given credit. Upon
reviewing the reporter’s record, we also conclude that the judgment should be modified. See Coffey
v. State, 979 S.W.2d 326 (Tex.Cr.App.1998). The record reflects that appellant had been incarcerated
continuously from April 22, 2000, through March 11, 2003, the date of sentencing. The judgment
did not give appellant credit for this entire period of time. Consequently, we sustain appellant’s
seventh issue and modify the judgment to show: “TIME CREDITED: 4/22/00 - 3/11/03.”
This Court’s Ruling
            The judgment of the trial court is modified to reflect the appropriate amount of credit for time
served as being “4/22/00 - 3/11/03”; and, as modified, the judgment of the trial court is affirmed. 
 
                                                                                                TERRY McCALL
May 27, 2004                                                                         JUSTICE
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.