NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MICHAEL LEE KROETZ, *Appellant.*

No. 1 CA-CR 15-0528
FILED 10-4-2016

Appeal from the Superior Court in Maricopa County
No. CR2014-135299-001 SE
The Honorable Jerry Bernstein, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael F. Valenzuela
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Carlos Daniel Carrion
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge John C. Gemmill[1] joined.

---

**W I N T H R O P**, Judge:

¶1        Michael Lee Kroetz ("Appellant") appeals his convictions and sentences for possession or use of narcotic drugs and misconduct involving weapons.  He argues that the trial court abused its discretion in denying his pretrial motion to suppress the evidence against him.  For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2        On the morning of November 15, 2013, Officer Joseph Jensen of the Mesa Police Department ("MPD") was on routine patrol, and nearing the end of his regular shift.  Officer Jensen encountered Appellant driving on the road and ran a license plate check on Appellant's vehicle.  Upon discovering that the vehicle registration had expired, Officer Jensen initiated a traffic stop and Appellant pulled over.[2]  During the stop, Officer Jensen discovered that Appellant was driving with a suspended license.  Officer Jensen told Appellant his car would be towed and impounded for thirty days.[3]  Officer Jensen asked Appellant if there was anything illegal in the car.  Appellant responded that there was not.

---

[1]      The Honorable John C. Gemmill, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

[2]      When asked about his expired registration, Appellant told Officer Jensen he had recently purchased the vehicle and had not yet registered it in his name.

[3]      "A peace officer shall cause the removal and either immobilization or impoundment of a vehicle if the peace officer determines that . . . [a] person is driving the vehicle while . . . the person's driving privilege is

¶3 At some point during the encounter, Officer Jensen called for assistance and Officer York arrived at the scene. Upon discovering that Appellant had an outstanding warrant for his arrest, Officer York took Appellant into custody.

¶4 Pursuant to MPD policy, Officer Jensen conducted an inventory search of Appellant's vehicle prior to having it towed.[4] During the search, Officer Jensen found a black handgun under the front driver's seat. Officer Jensen asked Appellant if he knew anything about the gun and Appellant said he did not. Officer Jensen also found a prescription pill bottle without a label sitting in an open bag in plain view on the floor of the front passenger side of the vehicle. The bottle had approximately fifty pills inside. When Officer Jensen asked Appellant about the pills, Appellant told him they belonged to a friend.[5]

¶5 During the inventory search, Officer Jensen filled out the MPD's "30 Day Impound Tow" form. Officer Jensen completed most of the form and signed it, but he failed to indicate whether any property was collected from Appellant's vehicle.[6]

---

suspended or revoked for any reason." Ariz. Rev. Stat. ("A.R.S.") § 28-3511(A)(1)(a).

[4] The MPD policy manual states that "motor vehicles which are lawfully towed, removed, impounded or stored at the direction of a police officer, or placed in custody of the Department shall be inspected and inventoried." The manual also requires officers to "conduct an itemized inventory of the vehicle for personal property and place all property of value into safekeeping."

[5] Officer Jensen testified that Appellant told him the pills were Vicodin; Appellant later denied making such a statement.

[6] MPD's "30 Day Impound Tow" form includes a "Vehicle Inventory Section," on which officers are to indicate the condition of the vehicle and information about any vehicle accessories. The section also leaves a blank space for officers to comment on any property inside the vehicle, whether the property was taken from the vehicle during the inventory search, and whether the property was collected as evidence or for the purpose of safekeeping.

¶6          After completing the inventory search, Officer Jensen seized the pills and gun as evidence, and placed such items in a secured evidence locker. Shortly thereafter, Officer Jensen completed a police report, making note of the gun and the pills found in Appellant's car. Subsequent forensic testing revealed that the pills contained Hydrocodone.

¶7          In July 2014, the State charged Appellant by indictment with Count I, possession or use of narcotic drugs, and Count II, misconduct involving weapons (for possessing a gun while being a prohibited possessor),[7] both class four felonies.

¶8          Before trial, Appellant moved to suppress the evidence related to Officer Jensen's inventory search—including the gun and the pills—claiming a violation of his rights under the Fourth Amendment to the United States Constitution and the Arizona Constitution. The State responded that the inventory search was lawful because it was carried out in accordance with the standard procedure of the MPD.

¶9          In June 2015, the trial court held an evidentiary hearing on Appellant's motion to suppress and received testimony from Officer Jensen. At the conclusion of the hearing, the court denied Appellant's motion to suppress, determining that although Officer Jensen's inventory documentation had been "sloppy," it was not conducted in bad faith. The court also alternatively found, *sua sponte*, that, because Appellant's vehicle was being impounded and towed, the weapon and narcotics would have inevitably been discovered.

¶10          After a two-day trial, the jury found Appellant guilty as charged on both counts. The trial court sentenced Appellant to a "somewhat mitigated" term of four years in the Arizona Department of Corrections for Count II, followed by supervised probation for two years for Count I.

¶11          Appellant filed a timely notice of appeal. We have jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and A.R.S. §§ 12-120.21(A) (2003), 13-4031 (2010), and 13-4033(A) (2010).

**ANALYSIS**

¶12          Appellant argues the trial court erred in denying his pretrial motion to suppress. He contends that Officer Jensen's inventory search was

---

7          The parties stipulated before trial that Appellant was a prohibited possessor.

4

unlawful because the officer failed to follow MPD operating procedure by not itemizing Appellant's personal belongings from the vehicle on the "30 Day Impound Tow" form; accordingly, Officer Jensen's search was illegal and the court should have suppressed the evidence seized.[8]

¶13        We review a trial court's ruling on a motion to suppress for an abuse of discretion if it involves a discretionary issue, but review *de novo* constitutional and legal issues. *State v. Moody*, 208 Ariz. 424, 445, ¶ 62, 94 P.3d 1119, 1140 (2004). We consider only the evidence presented at the suppression hearing and view the facts in the light most favorable to sustaining the trial court's ruling. *State v. Wilson*, 237 Ariz. 296, 298, ¶ 7, 350 P.3d 800, 802 (2015). Because the trial court is in the best position to observe the demeanor of testifying witnesses, we defer to that court's credibility determinations. *See State v. Olquin*, 216 Ariz. 250, 252, ¶ 10, 165 P.3d 228, 230 (App. 2007).

¶14        "Inventory searches are a well-defined community caretaking exception to the probable cause and warrant requirements of the Fourth Amendment." *State v. Organ*, 225 Ariz. 43, 48, ¶ 20, 234 P.3d 611, 616 (App. 2010). Inventory searches protect the vehicle owner's property, insure against claims of lost, stolen, or vandalized property, and safeguard the police from danger. *See id.* (quoting *Colorado v. Bertine*, 479 U.S. 367, 372, 107 S.Ct. 738, 741, 93 L.Ed.2d 739 (1987)). The test for whether an inventory search is valid is whether (1) law enforcement officials had lawful possession or custody of the vehicle and (2) the inventory search was conducted in good faith and not used as a subterfuge for a warrantless search. *Id.* "[S]uch a search must be 'routine,' and not a 'pretext concealing an investigatory police motive.'" *State v. Dean*, 206 Ariz. 158, 161, ¶ 10, 76 P.3d 429, 432 (2003) (quoting *South Dakota v. Opperman*, 428 U.S. 364, 376, 96 S.Ct. 3092, 3100, 49 L.Ed.2d 1000 (1976)). Where an officer conducts an inventory search pursuant to standard procedures, the search is presumptively considered to have been conducted in good faith. *Organ*, 225 Ariz. at 48, ¶ 21, 234 P.3d at 616.

¶15        Here, Appellant does not dispute that the first requirement of the test was met by Officer Jensen having lawful possession of his car. Rather, Appellant contends that Officer Jensen did not act in good faith

---

[8]        Appellant also argues that, because the inventory search was illegal, the inevitable discovery doctrine is inapplicable. We need not address this argument because the trial court did not abuse its discretion in finding that the inventory search was lawful.

because his failure to properly complete the inventory section on the "30 Day Impound Tow" form shows the inventory search was pretextual.

¶16            Although Officer Jensen did not specify on the form that he had seized items from Appellant's vehicle, the record supports the trial court's finding that Officer Jensen's conduct did not establish a lack of good faith.  During the suppression hearing, Officer Jensen testified that he did not make note of the gun and the pill bottle on the "30 Day Impound Tow" form because he was "probably anxious to be done with [his] shift."  The court found his testimony credible.  *See id.* at 49, ¶ 26, 234 P.3d at 617 ("By concluding that the search was a valid inventory search, the trial court implicitly found the officer's testimony credible.").  Because we defer to the trial court's determination of the credibility of the witnesses and the reasonableness of the inferences it drew, *see State v. Mendoza-Ruiz*, 225 Ariz. 473, 475, ¶ 6, 240 P.3d 1235, 1237 (App. 2010), we do not find that the trial court abused its discretion in determining the good faith requirement was met.

¶17            Further, nothing in the record suggests that Officer Jensen intentionally omitted the gun and the pill bottle from the "30 Day Impound Tow" form.  Although omitted from the form, the police report Officer Jensen prepared shortly after filling out the form referenced the items.  The trial court's conclusion that the omission in the impound form was merely an oversight is therefore supported by the evidence.  Moreover, we note that a finding of good faith does not require an officer's intentions to be "simplistically pure."  *In re One 1965 Econoline*, 109 Ariz. 433, 435, 511 P.2d 168, 170 (1973).  Instead, the good faith requirement is met when "the facts of the situation indicate that an inventory search is reasonable under the circumstances."  *Id.*  Here, the record supports such a finding.

¶18            Because the record supports the conclusion that Officer Jensen's inventory search was conducted in good faith, the trial court did not abuse its discretion in denying Appellant's motion to suppress.

## CONCLUSION

**¶19**     Appellant's convictions and sentences are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA